# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| USA | § § | |
| vs. | § § | NO: EP:20-CR-01510(1)-KC |
| (1) MANUEL FLORES<br>TN: Manuel Daniel Flores | § § § | |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE
### UPON DEFENDANT'S PLEA OF GUILTY

On this 14th day of October, 2020, the Defendant and counsel appeared before the Court. After being admonished as required by Rule 11, Fed.R.Crim.P., the Defendant pled guilty to Count One of the Indictment charging him with Communicating a Threat in Interstate Commerce, in violation of Title 18 U.S.C. § 875(c).

Accordingly, the Court makes the following findings:

1. The Defendant has consented to the entry of a guilty plea before a Magistrate Judge, subject to final approval and sentencing by the presiding United States District Judge.

2. The Defendant fully understands the oath and the consequences of failing to tell the truth at the plea hearing.

3. The Defendant fully understands the right to plead "not guilty" and to be tried by a jury.

4. The Defendant fully understands the right to be represented by counsel at trial and at every other stage of the proceeding.

5. The Defendant fully understands the right to a trial and that if the Defendant were to elect to go to trial, the Defendant would have the right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

6. The Defendant fully understands that if the guilty plea is accepted, there will not be a trial in this case.

7. The Defendant fully understands the nature of the charge and the maximum possible penalties, including any imprisonment, applicable mandatory minimum penalties, fine, term of supervised release, as well as any forfeiture or restitution. The defendant also understands the court's obligation to impose a special assessment.

8. The Defendant fully understands that in determining sentence, the sentencing court will consider the applicable Sentencing Guidelines, including any departures that might be applicable, as well as the sentencing factors under 18 U.S.C. § 3553(a). The Defendant also fully understands that although the sentencing court will consider the applicable sentencing guidelines, they are advisory in nature.

9. The Defendant's plea was not induced by any promises, and the Defendant's plea was not induced by any threats, force or threats of force.

10. The Defendant is competent to enter a plea.

11. The Defendant's plea is made freely, knowingly, and voluntarily.

12. There is a factual basis to support the plea of guilty.

### 13. DEFENDANT'S WAIVER OF RIGHT TO BE PRESENT AT SENTENCING AND WAIVER OF RIGHT TO ALLOCUTE

Federal Rule of Criminal Procedure 43 provides a defendant the right to be present at sentencing. FED. R. CRIM. P. 43(a)(3). However, the Rule allows a defendant who pleaded guilty in a noncapital case to waive his or her right to be present at sentencing. FED. R. CRIM. P. 43(c)(1)(B) (describing waiver when a defendant is "voluntarily absent during sentencing"). "If the defendant waives the right to be present, the trial may proceed to completion, including sentencing, during the defendant's absence." FED. R. CRIM. P. 43(c)(2).

At the hearing before the magistrate judge, the defendant, after conferring with counsel, waived the right to be present at sentencing. The Court discussed the outbreak of the novel coronavirus with the Defendant, and its impact on contact with other individuals, where every person is being required to minimize contact with others, consistent with federal, state, and local guidance. The Court further discussed with the defendant that this had the potential to impact court hearings, as well as the defendant's personal presence at further hearings during this health emergency.

The defendant acknowledged his right to speak and present information to mitigate sentencing. See FED. R. CRIM. P. 32(i)(4)(A)(ii). The defendant waived this right in open court. The defendant indicated that he has spoken with counsel about mitigating information and was satisfied that counsel will present this information to the court and speak on his behalf.

Based upon the answers to the Court's questions from the defendant, and from his

counsel, the undersigned magistrate judge finds the waiver of rights under Rules 32 and 43 was knowing and voluntary.

14. The Court recommends that the district court make a specific finding pursuant to Section 15002(b)(2) of the CARES Act, H..R. 748, that the COVID-19 pandemic emergency required that the guilty plea be conducted via video in the interest of public safety.

## RECOMMENDATION

Based on the foregoing, it is recommended to the district judge that the Defendant's plea of guilty be accepted and that a judgment of guilt be entered.

**SIGNED** and **ENTERED** this 14th day of October, 2020.

_____
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE FINDINGS AND RECOMMENDATION CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS FROM THE DATE OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW OF SUCH FACTUAL FINDINGS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT JUDGE.**